BOLIN, Judge.
These consolidated cases were instituted by plaintiffs alleging each owned property abutting a segment of Louisiana Highway No. 147 in Jackson Parish, which highway is under construction by Southern Excavation, Incorporated, under contract with the Louisiana Department of Highways.
While the petitions are not identical, each plaintiff generally claims the construction work on the highway project damaged plaintiffs’ property because of numerous acts committed by defendants as set forth in the petitions. Some of the acts complained of are: the road was made inaccessible because of undue delay; that because of the undue delay, negligence and lack of diligence on the part of the highway department and the excavation company, plaintiffs suffered other hardships such as having to park their automobiles a great distance from the various residences and having to walk through mud to reach their homes located along the highway; and that the disrepair and delay in completing the highway resulted in physical damage to plaintiffs’ shrubbery, trees, building foundations and exteriors and has depreciated plaintiffs property.
Defendants filed an exception of vagueness in each case, following which plaintiffs amended their petitions in an effort to set forth with more particularity the acts of negligence committed by defendants and also to itemize the items of damage. Defendants then filed exceptions of no cause and no right of action, following which the court granted plaintiffs 60 days to amend their pleadings. The petitions were amended a second time by plaintiffs but not within the 60-day period. Defendants objected to the allowance of the second supplemental and amended petitions because they were not timely filed, but the court overruled these objections. The peremptory exceptions were tried and sustained and plaintiffs appeal. Defendants answered the appeal asking affirmance of the judgment but alternatively seeking a reversal of the ruling of the lower court permitting the consideration of the second supplemental and amended petitions. We find no error in the actions of the lower court in allowing the filing of the second amended petitions, but we find plaintiffs’ petitions as amended set forth a right and cause of action against defendants and the exceptions should have been overruled.
The overriding issue presented on appeal is whether plaintiffs, as abutting property owners along a public road, may sue the public body exercising the right of ownership over the road, and the contractor who has contracted to improve the road, for damages allegedly caused by the repair of the road by the construction firm. This basic issue, in various forms, has been passed upon by our Supreme Court on several occasions in recent years. It has also been the subject of discussions and writings by legal scholars in the field of tort and property law.
Pertinent to the issues to be decided are the quoted provisions of the following Louisiana Civil Code articles:
Art. 667.
“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”
Art. 2315.
“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it. * * * ”
Art. 2317.
“We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody. * * * ”
We have given this appeal our earnest consideration and find plaintiffs are entitled to litigate these cases but the theory by which they must seek recovery is a subject on which members of our Supreme *726 Court seem presently to be hopelessly divided. Many of our legal scholars find themselves also in disagreement among themselves as well as with the court. Although we are not called upon at this time to express our opinion as to the rationale of plaintiffs’ rights, we shall discuss some of the recent Louisiana Supreme Court cases.
In Reymond v. State of Louisiana, Through the Department of Highways et al., 255 La. 425, 231 So.2d 375 (1970), the majority held a property owner could recover against the Department of Highways only for physical structural damage to his property but could not recover for other special damages. One justice concurred in the result, one justice dissented in part and concurred in part, and two justices dissented. While there was a majority concurring in the result that the case before the court fell within the ambit of Louisiana Constitution Article 1, § 2 and Article 4, § 15, there appeared to be a majority of the justices who dissented from the refusal to allow recovery for consequential damages, such as inconvenience, limited access and isolation which caused a diminution of the market value of plaintiff’s property. During the course of the majority opinion the writer reviewed the history and application of La.C.C. Article 667. One of the dissenting justices considered as dicta the discussion of Article 667, while another considered that the language relative to Article 667 “unsettles the prior jurisprudence construing this Article.”
In Chaney v. Travelers Insurance Company, 259 La. 1, 249 So.2d 181 (1971) the property owner was allowed recovery against the parish of East Baton Rouge for damages to his property resulting from actions by the contractor while improving a street and the parish was granted indemnification against the contractor under a “hold harmless” clause in its contract. The author of the majority opinion based recovery on Article 667 of the Civil Code and found the Reymond case was inapplicable since that case was decided under principles of expropriation. Two justices concurred in the result but took issue with the statement of the majority that the proprietor and his agent or contractor become solidarily liable if the actions of the latter cause damage to a neighbor (of the proprietor) under Civil Code Article 667.
The latest expression of the Supreme Court is Lombard v. Sewerage & Water Board of New Orleans, 284 So.2d 905 (La.1973), which was a consolidation of 17 suits brought by 119 property owners for damages allegedly caused by construction and installation of an underground concrete drainage canal. Suits were instituted against the public body and the contractor. The majority allowed recovery in solido against defendants, basing its decision on the principles announced in Civil Code Article 667. Two justices concurred in the result. The author of the concurring opinion again took issue with the rationale of allowing recovery under Article 667 against the public body and the contractor in solido, by stating his belief that the result reached by the majority may only be “through use of Civil Code Article 2315, analogizing Civil Code Articles 667 through 669, through application of Civil Code Articles 2315 and 2317, or through application of 2315 under a general analogy with all of the other enumerated Code articles.” Four justices concurred in the denial of a rehearing but believed the result was correct.
The opinions in the cases cited and discussed above, together with the dissenting and concurring opinions, are well written and documented by citation of other cases and legal writings of well-known scholars but represent sincere differences of opinion of members of our Supreme Court and scholars well-recognized in the field of property and tort law.
As to the issues before this court, we first find the trial judge had the discretion of permitting the filing of the second supplemental and amended petitions and there is nothing to indicate he has abused *727 his discretion and this ruling will not be disturbed.
While the petitions as amended are not as definite as they could have been on the various alleged acts causing the damage to plaintiffs’ property, we feel the petitions do state plaintiffs’ properties were damaged by the activities of the Louisiana Department of Highways and Southern Excavation, Incorporated. To what extent, if any, plaintiffs may show causation on any or all of the alleged items against either or both the defendants are matters which can only be determined from a trial on the merits. We think it is premature at this time to determine the basis for recovery should plaintiffs otherwise make out their cases. When the case is remanded to the lower court, regardless of the rationale adopted, it may be tried in an orderly fashion and judgment rendered.
For the reasons assigned the exceptions of no cause and no right of action in each of the cases herein are annulled and set aside and the cases are remanded to the lower court for further proceedings in accordance with law, all costs to await the final determination of the cause.